# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LEON STAMPER, JR.,**

   **Plaintiff,**

   **v.**          **Case No. 01-3470-JWL**

**RICHARD L. PARSONS, et al.,**

   **Defendants.**

_____

## MEMORANDUM AND ORDER

  Plaintiff Leon Stamper, Jr. filed this lawsuit alleging that four deputy sheriffs in Junction City, Kansas, and an FBI agent in Louisville, Kentucky, violated his constitutional rights to due process of law and to be free from illegal searches.  After plaintiff failed to respond to defendants' motions for summary judgment, the court granted the motions and the clerk entered judgment dismissing plaintiff's case (docs. 29 & 30).  Plaintiff has now filed a motion (doc. 31) which, for reasons explained below, the court construes as a motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure or, alternatively, as a motion to reopen the time for filing a notice of appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure.  For the reasons explained below, the court will deny the motion in its entirety because of plaintiff's lengthy delay in filing it.

# BACKGROUND

Plaintiff filed this lawsuit on December 4, 2001, alleging that defendants violated his constitutional rights to due process of law and to be free from illegal searches.   In his complaint, he listed his mailing address as "321 Union St., Bellevue, KY 41073-1022." Compl. (doc. 1), ¶ III(A), at 3.   On December 13, 2001, he filed a pleading that was docketed as a notice of change of address (doc. 3) which stated: "I am respectfully requesting that you send (forward) all legal mail concerning my case . . . to my family (immediate) and relatives at #321-Union Street, Bellevue, Kentucky. [sic] 41073-1022."   Plaintiff subsequently filed three motions for appointment of counsel on December 19, 2001, February 11, 2002, and February 28, 2002.[1]   Since that time, plaintiff did not file any other documents in this case until he filed the current motion on November 8, 2004.

In the meantime, defendants filed motions for summary judgment on January 17, 2003. Plaintiff failed to respond to those motions and the court entered an order (doc. 27) directing plaintiff to respond on or before February 14, 2003, and warning him that failure to do so could result in entry of summary judgment against him.   Plaintiff again failed to respond and the court issued to plaintiff a notice and order to show cause (doc. 28) on or before March 14, 2003, why defendants' motions for summary judgment should not be granted as uncontested. Again, plaintiff failed to respond.   On April 21, 2003, the court issued a memorandum and order (doc. 29) granting defendants' summary judgment motions as uncontested and dismissing

---

[1] These motions were denied by the Honorable G. T. VanBebber, United States District Judge, in an order dated July 17, 2002.

this case in its entirety.   In doing so, the court specifically found that the following aggravating factors existed: plaintiff was culpable for failing to respond to defendants' motions and failing to contact the court; defendants would be prejudiced by continuing to spend time and expense on a case in which plaintiff had shown no interest even after ample notice from the court; and denial of defendants' motions would interfere with the judicial process in terms of docket management and the need for finality to litigation given plaintiff's lack of initiative to keep the case on the court's docket.   The clerk entered judgment against plaintiff on that same day, April 21, 2003.

More than a year and a half later, on November 8, 2004, plaintiff filed the current motion which is entitled "Motion for the Above Matter to be Reset on the Courts [sic] Docket or In the Alternative Grant Tolling for Filing of a COA" (doc. 31).   In this motion, plaintiff states that he never received a copy of the defendants' filings or the court's order until he received a copy of the docket sheet after he arrived at the United States Penitentiary in Terre Haute, Indiana.   He explains that he has been "unable to respond due to all the transfers" and that the government has denied him access to the court by "keeping [him] in a constant state of motion (transfers) not being able to receive mail, make phone calls, or have contact with the court."   In support of his motion, he attached an inmate history report evidencing that he has been transferred numerous times among various correctional institutions since he filed this lawsuit on December 4, 2001.   He asks the court to reset this case on the court's docket or grant him a certificate of appealability on the grounds that he has essentially been in a constant state of motion.

## MOTION FOR RELIEF FROM FINAL JUDGMENT

Insofar as plaintiff asks the court to reset this case on the court's docket, the most befitting procedural mechanism the court can identify is Rule 60(b)(6) of the Federal Rules of Civil Procedure.[2]   Rule 60(b)(6) permits the court to relieve a party from a final judgment or order for "any other reason justifying relief."   Fed. R. Civ. P. 60(b)(6).   The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case."   *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996) (quotation omitted).   The court may grant a Rule 60(b)(6) motion "only in extraordinary circumstances and only when such action is necessary to accomplish justice."   *Id.*   Such extraordinary circumstances may exist, for example, when events not contemplated arise after entry of judgment and render enforcement of the judgment inequitable.   *Id.*   Rule 60(b)(6) is not, however, to be used for relieving a party from free, calculated, and deliberate choices that he or she has made.   *Id.* at 580.

The court certainly understands plaintiff's plight in keeping abreast of the happenings in this case given the fact that he was transferred repeatedly among various facilities for lengthy periods of time.   His inmate history report reflects that he was in transit among various

---

[2]  The court has ruled out the possibility of construing the motion as one pursuant to Rule 59(e) or Rule 60(b)(1), (2), or (3), because the lapse between entry of judgment and the date when plaintiff filed his motion was more than eighteen months.   *See* Fed. R. Civ. P. 59(e) (requiring motions to alter or amend to be filed "no later than 10 days after entry of the judgment"), 60(b) (requiring motions under Rule 60(b)(1), (2), and (3) to be filed "not more than one year after the judgment . . . was entered").   The court has also ruled out the possibility of construing the motion pursuant to Rule 60(b)(4) or (5) because this case does not involve facts that would even arguably warrant relief under either of those subdivisions.

4

temporary facilities from January 9, 2002, to May 25, 2003, and again from August 27, 2003, to June 3, 2004.   These circumstances could have created some obstacles that hindered plaintiff from receiving prompt notice of the court's orders.   Consequently, the court would be inclined to grant plaintiff a certain degree of leniency for a slight delay.   Nonetheless, for a variety of reasons, these transfers do not constitute the degree of extraordinary circumstances sufficient to overcome an eighteen-and-one-half-month delay.

First and foremost, service of a court order is complete upon mailing a copy to the last known address of the person served.   Fed. R. Civ. P. 5(b)(2)(B); *see Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1266 (10th Cir. 1999) (noting that service is complete for purposes of Rule 5 when the documents are placed in the United States mail); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1148, at 449-51 (3d ed. 2002) (explaining that service is complete under Rule 5(b) upon mailing and therefore nonreceipt does not affect the validity of service).   In this case, it is undisputed that all court orders have been mailed to plaintiff at the address to which he requested that the court send legal mail concerning this case, which is 321 Union Street, Bellevue, Kentucky 41073-1022.   This is his last known address.   Plaintiff chose to provide the court with an address of record for his immediate family and relatives, apparently trusting that they would forward documents to him. He has never filed a change of address advising the court of any of his prison addresses.   Had he done so, the Bureau of Prisons would have at least known where to forward his mail if his address of record had become obsolete at any time due to transfers.   This court's local rules impose upon parties, including pro se litigants such as plaintiff, a continuing duty to advise the

5

court of any change of address, *see* D. Kan. Rule 5.1(c), and therefore plaintiff was and continues to be responsible for notifying the court of his correct mailing address. *See Theede*, 172 F.3d at 1267 (holding a pro se plaintiff had the burden of filing a notice of change of address under a similar local rule in the District of Colorado).  Notably, plaintiff has still failed to notify the court that his address has changed to USP Terre Haute, even though he has been there since June 3, 2004.  This indicates to the court that he has made a free, calculated, and deliberate choice to continue to have his address of record be the Kentucky address for his immediate family and relatives even though using that address clearly has not worked very effectively for him.  *See, e.g.*, *In re Gregory*, No. 01-1099, 2001 WL 1558783, at *1-*2 (10th Cir. Dec. 7, 2001) (holding the district court did not abuse its discretion in denying a Rule 60(b) motion where a court order directing pro se debtors to respond to a motion to dismiss had been mailed to the debtors' address of record and the debtors had failed to inform the clerk of their change of address).[3]

Second, plaintiff has failed to explain why he never contacted the court to check on the status of his case during the entire eighteen-and-a-half-month delay.  Presumably, he could have done this at any time.

Third, although plaintiff was transferred around quite a bit, he was also incarcerated at (at least) two facilities for lengthy time periods.  For example, he was incarcerated at Springfield, Missouri, for the approximately three-month period from May 25, 2003, to

---

[3] This unpublished opinion from the Tenth Circuit is being cited for its persuasive value on a material issue.

August 27, 2003, and he has been incarcerated at USP Terre Haute since he arrived there more than seven months ago on June 3, 2004.  Plaintiff claims that he received the docket sheet in this case after he arrived in Terre Haute, yet he did not file the current motion until November 3, 2004, which was five months after he arrived there.  Thus, it appears that plaintiff was not in transit so extensively that he was prohibited from being brought up to date in this case, nor was he prevented from filing the current motion much sooner than he did.

In sum, the court is persuaded that the extreme delay is attributable to free, calculated, and deliberate choices that plaintiff has made not to pursue this case very vigorously.  Accordingly, plaintiff's motion is denied to the extent that he seeks relief from the final judgment and asks the court to reset this case on its docket.

## MOTION TO REOPEN THE TIME FOR FILING A NOTICE OF APPEAL

Plaintiff asks the court, in the alternative, to grant his motion for filing a certificate of appealability.    The  need  for  a  certificate  of  appealability,  however,  only  applies  to  habeas corpus proceedings and proceedings under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2253(c) (requiring a certificate of appealability in order to appeal those types of proceedings).   This case is not a habeas corpus or a § 2255 action.   Instead, this case presents constitutional deprivation claims that would likely fall under 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).   Accordingly, plaintiff does not need to obtain a certificate appealability to appeal this case.

7

Instead, because the time for filing a notice of appeal lapsed long ago, *see* Fed. R. App. P. 4, the court construes plaintiff's motion as one to reopen the time for filing a notice of appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. This rule allows the district court to "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," Fed. R. App. P. 4(a)(6), but only if certain conditions are satisfied. Among these are that the motion must be "filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, *whichever is earlier*." Fed. R. App. P. 4(a)(6)(A) (emphasis added). The advisory committee notes explain that "[t]his provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal." Fed. R. App. P. 4 advisory committee notes to the 1991 amendments. Moreover, Rule 77(d) of the Federal Rules of Civil Procedure expressly provides that any relief on the ground of lack of notice is not authorized "to relieve a party for failure to appeal within the time allowed except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Accordingly, the 180-day time limit of Rule 4(a)(6) is the outer time limit for filing a motion to reopen the time to file a notice of appeal, even if the party seeking to appeal did not receive notice of the judgment within that 180-day period. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009-10 (10th Cir. 2000).[4]

---

[4] Moreover, Rule 60(b)(6) cannot be used to circumvent this deadline. *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000).

8

Consequently, the outer time limit for plaintiff to file a motion to reopen the time for filing a notice of appeal in this case was 180 days after April 21, 2003, which would have been October 20, 2003.[5]  Plaintiff's motion was not filed until November of 2004, which was more than a year after this deadline.  Accordingly, insofar as plaintiff seeks an extension of time to appeal the court's April 21, 2003, memorandum and order, the court is without authority to grant any such extension.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for the Above Matter to be Reset on the Court's Docket or In the Alternative Grant Tolling for Filing of a COA (doc. 31) is denied.

**IT IS FURTHER ORDERED** that the clerk shall mail a copy of this order to plaintiff's address of record as well as to him at the following address:

> Leon Stamper, Jr.
> Inmate # 07368-033
> United States Penitentiary
> P.O. Box 33
> Terre Haute, IN 57808

**IT IS SO ORDERED** this 12th day of January, 2005.

---

[5] Actually, 180 days would have been October 18, 2003, but that date is a Saturday and therefore the deadline would have been the following Monday, October 20, 2003.

9

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge